OEHLHOF v. SOLOMON et al.

(City Court of New York, General Term. October 29, 1900.)

NEW TRIAL—EXCESSIVE DAMAGES.
    In an action for damages for breach of contract, though the trial justice might have deemed it a case where a smaller amount than was awarded plaintiff would have done better justice, yet, the limit being less than excessive, he had the right to sustain the verdict; the amount of damages being within the province of the jury.

Appeal from trial term.

Action by Erhard Oehlhof against Herman Solomon and another. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and HASCALL, J.

Louis Lowenstein, for appellants.
Bennett & Silverman, for respondent.

HASCALL, J. This action was brought, as alleged, to recover damages for breach of contract upon the purchase by plaintiff from defendants of a certain butcher shop and fixtures in this city, together with an unexpired lease of the premises having about three years to run, and also special damages for alleged false representations concerning the defendants' ability to procure an assignment of their lease to be made to the plaintiff at the time of his purchase of their business. For these three elements of damage plaintiff sought to recover back the sum of $700, paid by him at the time of purchase, and also $500 as damages for the false representations, —$1,200 in all. Plaintiff alleged that he had been compelled to remove from the premises shortly after he had entered into posses-

sion and enjoyment under his contract of purchase. It does not appear that the defendants procured an assignment of their lease to be made to plaintiff. The landlord would not recognize and accept plaintiff as tenant, but actually began proceeding for dispossession.

It seems that the charge, upon which the whole case was left with the jury, strictly conformed with the ruling set forth in Voltz v. Blackmar, 64 N. Y. 444; and, even though the trial justice might have deemed it a case where a smaller amount than was awarded would have done better justice between the parties, yet the limit, in his opinion, being less than excessive, he had the right and thought it proper not to set aside the verdict, since so well within the peculiar province of the jury. Kiff v. Youmans, 20 Hun, 125. We think this view correct.

Judgment and order appealed from affirmed, with costs.

FITZSIMONS, C. J., concurs.